## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS HERZOG** | : | |
| **2601 S. Webster Avenue** | : | |
| **Green Bay, WI 54301** | : | |
| | : | |
| **Plaintiff** | : | |
| **v.** | : | |
| | : | **NO.** |
| **UNION PACIFIC RAILROAD** | : | |
| **COMPANY** | : | |
| **1400 Douglas Street** | : | **JURY TRIAL DEMANDED** |
| **Omaha, NE  68179** | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT

1.     This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec.

51 et seq., the Federal Safety Appliance Act and the Federal Boiler Inspection Act which

grants this Court jurisdiction over this action.

2.     Plaintiff, Thomas Herzog, is an adult citizen residing at the above-captioned.

3.     Defendant, Union Pacific Railroad Company, and successor in interest to

Chicago and Northwestern Transportation Company and Union Pacific Railroad, was at all

times relevant hereto, engaged in interstate commerce in and throughout several states of the

United States as common carriers by rail; and for the purposes hereof did operate locomotives,

railroad cars and repair facilities and transacted substantial business throughout the various

states of the United States.

4.     At all times relevant hereto, the Plaintiff was employed by Defendant railroad

as a switchman/conductor and was acting in the course and scope of his employment with

Defendant, and was engaged in the furtherance of interstate commerce within the meaning of

- 1 -

said Act. During the course of said employment he was exposed to asbestos and asbestos-containing products specifically, Plaintiff was exposed to asbestos gaskets, asbestos pipe insulation, asbestos steam joint rings, asbestos pipe covering, brake shoes, asbestos pipe wrap and asbestos cement.

5.      Plaintiff was further exposed to excessive and harmful amounts of chemical waste, diesel-exhaust, rock dust, chlorinated solvents, rusts, chemical fumes, toxins, heavy metals, noxious airborne particulate matter and other miscellaneous injurious substances.

6.      During the course of his employment, Plaintiff was exposed to the Defendant's asbestos, asbestos-containing materials as well as noxious and cancer causing fumes and exhausts, the exposure to which directly caused him to develop lung cancer and other illnesses which resulted in surgical intervention.

7.      The Plaintiff's cancer and related lung diseases are the result of the negligence of the Defeudant in that it employed known cancer causing materials in its operations, which the Defendant knew, or iu the exercise of ordinary care ought to have known, were deleterious, poisonous, and highly harmful to its employees' health.

8.      The Plaintiff's cancer and related lung diseases are the result of the negligence of the Defendant in that even though it knew, or in the exercise of ordinary care ought to have known, that the cancer causing materials were deleterious, poisonous and highly harmful to the Plaintiff's health, and that the Plaintiff would not know of such dangers to his health, the Defendant nonetheless:

> (a)      Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work;
>
> (b)      Failed to comply with the applicable government regulations;

- 2 -

(c)     Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to cancer causing materials;

(d)     Failed to periodically test employees such as the Plaintiff for physical effects of asbestos exposure and/or chemical exposure and failing to take appropriate action, including advising the Plaintiff as to the test results;

(e)     Failed to advise the Plaintiff of the dangerous characteristics of asbestos and asbestos-containing products;

(f)     Failed to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known cancer causing materials;

(g)     Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff, to asbestos and other cancer causing materials;

(h)     Failed to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances to protect him from being poisoned and injured as he was, by exposure to such deleterious and harmful materials and;

(i)     Failed to provide the Plaintiff with protective equipment designed to protect him from exposure to asbestos and other cancer causing materials.

9.     The aforesaid occurrences were directly and proximately caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

10.     As a direct and proximate result of the negligence of the Defendant, as herein above set forth, the Plaintiff has experienced and endured pain, suffering, inconvenience, irritation, annoyance; has suffered emotional distress; has incurred medical expenses

- 3 -

associated with diagnosis and treatment; has suffered the loss of the ability to engage in his usual activities and occupation, the impairment of his earnings and earning capacity, the impairment of his general health, strength and vitality, and the loss of the ability to enjoy the various pleasures of life.

**WHEREFORE**, the Plaintiff, Thomas Herzog, demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

BERN RIPKA CAPPELLI

Dated: 2/22/2016

BY: _/s/ Shawn M. Sassaman_
SHAWN M. SASSAMAN
Attorney for Plaintiff
101 West Elm Street
Suite 630
Conshohocken, PA 19428
(610) 941-4444
(610) 941-9880 fax

- 4 -